**Affirmed and Memorandum Opinion filed April 6, 2023.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 ℭ𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## NO. 14-22-00069-CV

**NATASHA  LOGAN, Appellant**

**V.**

**2900 WEST DALLAS, Appellee**

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Cause No. 1179482**

## MEMORANDUM  OPINION

In this forcible detainer action, appellant Natasha Logan appeals from the trial court's judgment awarding possession to appellee 2900 West Dallas.  In two issues, Logan contends that the trial court erred because (1) the eviction was moot after Logan had moved out of the property; and (2) appellee's witness was not

sworn properly, and there was no camera for the witness.[1]  Logan also alleges that evidence was erroneously excluded.

No reporter's record has been filed in this case.  The court reporter filed an information sheet indicating that there is no reporter's record.  2900 West Dallas contends that, without a record, Logan cannot demonstrate any error and that we must presume the omitted portions of the record support the trial court's judgment.  Logan does not respond to 2900 West Dallas's argument.

Absent the filing of a reporter's record or an audio recording of the trial, our review is limited to the clerk's record.  *See In re E.D.M.*, No. 14-09-00727-CV, 2010 WL 3418211, at *2 (Tex. App.—Houston [14th Dist.] Aug. 31, 2010, no pet.) (mem. op.).  Appellant's complaints on appeal concerning the evidence at trial and testimony of a witness necessarily require review of the record of the trial.  *See id.* We must presume that the proceedings in the trial court support the judgment.  *See Brazle v. Meadows on the Mews Owners Ass'n*, No. 14-10-01016-CV, 2011 WL 6141587, at *1 (Tex. App.—Houston [14th Dist.] Dec. 8, 2011, no pet.) (mem. op.).  Without a reporter's record, there is nothing to review.  *See In re E.D.M.*, 2010 WL 3418211, at *2.  Logan's arguments indicate that she attended the trial, and the trial court's judgment states that the court considered the evidence presented at trial.  Because there is no indication that Logan objected to the failure of the court reporter to make a record, her issues challenging the trial court's decision based on the proceedings at trial afford no basis for relief.  *Brazle*, 2011 WL 6141587, at *2.

---

[1] The clerk's record indicates that the trial was held by Zoom video conference.

Appellant's issues are overruled.  The trial court's judgment is affirmed.


/s/      Ken Wise
         Justice


Panel consists of Chief Justice Christopher and Justices Wise and Hassan.